UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LATOYA EDMONDS**, individually
and as Next Friend of Minor, K.S.,

      Plaintiffs,                    Civil Action No.: 12-CV-10023

      vs.                          District Judge Nancy G. Edmunds

                                   Magistrate Judge Mona K. Majzoub

**DETROIT PUBLIC SCHOOL
SYSTEMS, et al.,**

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR PROTECTIVE ORDER [27] AND GRANTING
PLAINTIFFS' MOTION TO COMPEL [34]**

      This matter comes before the Court on Defendants Detroit Public School Systems, Wilma Taylor-Costen, Rachel Anderson, Zakiya Jackson, Stephanie Adams, and Darlene Anderson's Motion for Protective Order (docket no. 27) and Plaintiffs Latoya Edmonds and K.S.'s Motion to Compel (docket no. 34). Plaintiffs filed a Response to Defendants' Motion for Protective Order (docket nos. 30/33), and Defendants filed a Reply (docket no. 31). Defendants filed a Response to Plaintiff's Motion to Compel. (Docket no. 37.) These motions were referred to the undersigned for decision. (Docket nos. 28 and 35.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.     Background**

      Plaintiffs filed this action alleging violations of the First Amendment, the Fourth

1

Amendment, 20 U.S.C. § 1681, and 42 U.S.C. § 1983. (*See* docket no. 20 at 5-35.) Plaintiffs' claims arise from the alleged sexual assault of K.S. by another minor, L.M. (*Id.*) At the time of the alleged incident, K.S. and L.M. were both 10-year-old special-needs students attending Carleton Elementary School, a school operated by Defendant DPS; the remaining Defendants were teachers and administrators allegedly involved with the incident. (*Id.* at 6-7.)

Plaintiffs allege that K.S.'s teacher and Teacher's Aide sent L.M. to accompany K.S. to the lavatory when K.S. needed assistance. (*Id.* at 8.) That evening, K.S. allegedly told his parents that L.M. had sexually assaulted him, and when K.S.'s parents told Defendants, they promised never to let L.M. accompany K.S. to the lavatory again. (*Id.*) Plaintiffs allege, however, that the next month, K.S.'s Teacher and Teacher's Aide allowed L.M. to accompany K.S. to the lavatory, where L.M. again sexually assaulted K.S. (*Id.* at 9.) Plaintiffs claim that Defendants (1) retaliated against Plaintiffs by falsely accusing members of Plaintiffs' family of sexual misconduct involving K.S.; (2) retaliated against Plaintiffs by allowing the second incident to occur; and (3) failed to properly supervise or train their teachers. (*Id.* at 9 - 11.)

The parties have reached an impasse with regard to one discovery issue: information related to pre- or post-incident suspensions of L.M. (*See* docket nos. 27 and 34.) During Defendant Jackson's deposition, she stated that L.M. had been suspended for two or three days following the incident with K.S. (Docket no. 33-2 at 2-3.) Immediately following Defendant Jackson's deposition, Plaintiffs deposed Defendant Rachel Anderson, the school Principal, but did not ask about L.M.'s suspension. (*See* docket no. 27 at 12-13.)

Two months later, Plaintiffs sent the Interrogatories and Requests for Production of

2

Documents at issue in the current Motions.[1] (*See* docket no. 33-3.) In sum, Plaintiffs requested any information related to any suspension of L.M., any documents associated with any such suspensions, and contact information for L.M.'s parents. (*See id.*) Defendants responded by informing Plaintiffs that the only time L.M. had been suspended was in an "administrative emergency suspension that occurred on December 1, 2011 pending a manifestation determination individual education plan session and a disciplinary hearing held on December 6, 2011," and that the hearing determined "that there was no factual base to support the alleged misconduct reported by Plaintiff." (*Id.* at 3-4.) Defendants also indicated that "[t]he only document generated in connection with the foregoing was a Notice of Charges-Emergency Suspension Pending A Hearing for Unacceptable Behavior form [(the 'Emergency Suspension Form')]." (*Id.* at 4.) Defendants then objected to disclosing a copy of the form on the basis of privilege under the Federal Education Records and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g).

The same day that they responded to Plaintiff's Interrogatories and Requests for Production of Documents, Defendants filed their instant Motion for Protective Order asking that the Court not order disclosure of the Emergency Suspension Form. (Docket no. 27.) Plaintiffs then filed their Response to Defendants' Motion for Protective Order and their Motion to Compel production of the same document.[2] (Docket nos. 30/33 and 34.)

---

[1] Also at issue in the parties' respective Motions are the 30(b)(1) depositions of individual who can testify about L.M.'s alleged suspensions: Rachel Anderson and David Hopkins. (*See* docket nos. 27 and 34.) It appears, however, that this issue has been resolved as Plaintiffs do not seek to re-depose Defendant Anderson (*see* docket no. 33 ¶ 5), and the Court has previously ordered the deposition of Mr. Hopkins (*see* Text-Only Order, Sept. 11, 2012).

[2] Plaintiffs' Response to Defendants' Motion for Protective Order and their Motion to Compel are virtually identical in form and substance. (*Compare* docket no. 33 at 4-6, *with* docket no. 34 at 3-6.)

**II.     Governing Law**

  **A.     Discovery Standard**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv). If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(A)(5)(a).

  **B.     Protective Order**

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed.R.Civ.P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*

Local Rule 26.4(a) "governs motions for protective orders based on a claim that information is privileged or subject to protection." E.D. Mich. LR 26.4(a). To assert a claim of privilege, a party must "(A) state the claim that information, otherwise discoverable, is either privileged or subject to protection, and (B) without revealing privileged or protected information, describe the nature of the documents . . . not produced or disclosed, to enable the court to assess application of the privilege or protection." (*Id.*)

**III.    Analysis**

    **A.    The Emergency Suspension Form is not privileged material under FERPA and IDEA.**

Defendants assert that the Emergency Suspension Form is a school record of L.M., and as such, it is protected from disclosure under FERPA and the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. § 1400. (Docket no. 27 at 10-12.) Defendants provided the Court a copy of the Emergency Suspension Form for in camera review.

Under FERPA, a school is prohibited from "permitting the release of education records . . . of students without the written consent of their parents to any individual, agency, or organization, other than [those included in an enumerated list of 11 exceptions]. 20 U.S.C. § 1232g(b). And when

5

discussing confidentiality, IDEA specifically refers to FERPA: "The Secretary shall take appropriate action, in accordance with section 1232g of this title, to ensure the protection of the confidentiality of any . . . records collected or maintained by . . . State educational agencies and local educational agencies pursuant to this subchapter." 20 U.S.C. § 1417(c). The parties do not dispute that the Emergency Suspension Form is an Education Record as defined in FERPA.

Plaintiffs assert that "[w]hile it might be nice for Defense Counsel Lewis to cite Federal law about privacy, etc., it is also true that virtually every Federal law that imposes a privacy duty also has an exception for 'litigation purposes', especially as in this case in which the minor Plaintiff was the victim of a vicious sexual assault." (Docket no. 33 at 5.) Plaintiffs, however, cite to no law in support of this contention in general, let alone a particular exception under FERPA or IDEA. (*See id.*)

Nevertheless, FERPA specifically allows for production of otherwise confidential documents under a court order. 20 U.S.C. §1232g(b)(2)(B). Moreover, "[r]ecords that are considered 'confidential' under a statute are not necessarily 'privileged' for purposes of discovery." *Ward v. Wilbanks*, No. 09-11237, 2009 WL 4730457, at *3 (E.D. Mich. Dec. 10, 2009) (Steeh, J.) (citing *Seals v. Macomb County*, 226 F.R.D. 572, 576 (E.D.Mich. 2005)). FERPA, in particular, does not provide such a privilege:

> FERPA is not a law which absolutely prohibits the disclosure of educational records; rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records. Thus, while FERPA was intended to prevent schools from adopting a policy or engaging in a practice of releasing educational records, it does not, by its express terms, prevent discovery of relevant school records under the Federal Rules of Civil Procedure. Given FERPA's underlying privacy concerns, it does, however, place a higher burden on a party seeking access to student records to justify disclosure than with the discovery of other types of records.

6

*Ellis v. Cleveland Mun. Sch. Dist.*, 309 F.Supp.2d 1019, 1022 (N.D. Ohio 2004) (citations omitted); *see also, e.g.*, *Garza v. Scott and White Mem. Hosp.*, 234 F.R.D. 617, 624 (W.D. Tex. 2005); *Nichols v. The Univ. of Southern MS*, No. 08-128, 2009 WL 1565749, at *1 (S.D. Miss. 2009); *Wallace v. Cranbrook Educ. Comm.*, No. 05-73446, 2006 WL 2796135 (E.D. Mich. Sept. 27, 2006) (Hood, J.). Therefore, FERPA does not prohibit disclosure of the Emergency Suspension Form as long as it is otherwise discoverable.

### B. Plaintiffs Request for the Emergency Suspension Form is Reasonably Calculated to Lead to the Discovery of Admissible Evidence

While Plaintiffs' relevance argument is not made entirely clear in their Motion to Compel or their Response to Defendants' Motion for Protective Order, it appears that Plaintiffs believe the Emergency Suspension Form will prove (or lead to evidence that will prove) that Defendants believed or knew that L.M. committed the alleged sexual assault on K.S. (*See* docket no. 33 at 2 ¶¶ (b)-(c).) Defendants respond that the information is not relevant for two reasons: (1) Plaintiffs' Complaint asserts that Defendants' took retaliatory action after Plaintiffs' gave notice of L.M.'s alleged actions, and therefore, pre- and post-incident suspensions are irrelevant; and (2) K.S.'s account of the events is unreliable because of his cognitive impairments. (*See* docket no. 37 at 3-6.)

The Court agrees with Plaintiffs. Even if Defendants' interpretations of Plaintiffs' arguments are entirely accurate, whether L.M. actually committed the alleged offense is relevant to the matter at hand. Defendants even imply as much when they argue that K.S.'s account of the incident is questionable. Additionally, Defendants' argument regarding K.S.'s cognitive impairment, while compelling, is a matter of weight, not relevance. Having reviewed the Emergency Suspension Form in camera, the Court takes no position on the strength of the information contained therein or the admissibility of such information, but the Court finds that Plaintiffs' request for the document is

7

reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court will order Defendants to produce the Emergency Suspension Form no later than November 23, 2012.

### C.  Protective Order

Even though the Emergency Suspension Form is not the subject of a discovery privilege, the information is considered "confidential" under FERPA. Thus, when the Court does order disclosure of such confidential information, two protective measures are appropriate. First, FERPA requires that such information can only be produced in compliance with a judicial order "upon condition that parents and the students are notified of all such orders . . . in advance of the compliance therewith by the educational institution." 20 U.S.C. § 1232g(b)(2). Therefore, the Court will order Defendants to notify L.M.'s parents or guardians of this order in advance of their compliance. Second,

> "[a]lthough s 438(b)(2) does not mention the need for a protective procedure when disclosure to a private party is directed by court order, it would seem sensible to require in the disclosure order that the recipients of the student records avoid revealing the data to individuals unconnected with the litigation and destroy the data when it is no longer needed."

*Ward v. Wilbanks*, No. 09-11237, Docket no. 41 at 9 (E.D. Mich. Nov. 5, 2009) (Komives, M.J.) (Quoting *Rios v. Read*, 73 F.R.D. 589, 602 (E.D.N.Y. 1997)). It is, however, "neither required or necessary that the defendants redact the names of the students from the records and substitute neutral identifying information." *Id.*

Plaintiffs have stated that they have "absolutely no objection whatsoever to a reasonable protective order being entered." (Docket no. 34 at 2.) Therefore, the Court will order that the Emergency Suspension Form is to be kept confidential and is not to be shared with outside persons

who have no interest or involvement in this action.[3]

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel is **GRANTED** and Defendants must produce the Emergency Suspension Form no later than November 23, 2012.

**IT IS FURTHER ORDERED** that Defendants must notify L.M.'s parents or guardians of this Order before any such compliance.

**IT IS FURTHER ORDERED** that the disclosure of Emergency Suspension Form, and the information contained therein, is restricted to the parties in this action, their counsel and counsels' staff, or expert witnesses who may testify in this action. Such persons must be informed that they are bound by the provisions of this protective order.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 19, 2012        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

---

[3]The Emergency Suspension Form also includes the names and address of L.M.'s guardians as requested by Plaintiffs in their Interrogatories. Therefore, production of this document satisfies all of Plaintiffs' outstanding discovery requests.

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 19, 2012     s/ Lisa C. Bartlett
                              Case Manager