UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Latoya Edmonds, individually and as Next
Friend of Minor, K.S.,

       Case No. 12-10023

    Plaintiff(s),

       Honorable Nancy G. Edmunds

v.

Detroit Public School Systems, et al.,

    Defendant(s).
                                                   /

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE K.S.'s VIDEO DEPOSITION TESTIMONY [48]

Before the Court is Defendants' motion to strike K.S.'s video deposition testimony. (Dkt. 48.) Defendants argue that the video deposition reveals that K.S. has difficulty understanding and responding to questions in a coherent and truthful manner. (Defs.' Mot. to Strike at 2.) Defendants also argue that K.S.'s medical records "reflect language comprehension issues." (*Id.*)

On December 12, 2012, the parties and their counsel appeared before Court. For the reasons stated below, the Court DENIES Defendants' motion to strike.[1]

Federal Rule of Civil Procedure 56 provides that a court may rely on materials presented in a motion for summary judgment so long as the materials would be admissible at trial. Fed.R.Civ.P. 56(c)(2). Here, Defendants argue that the Court should strike K.S.'s

---

[1]This motion presents a very limited question to the Court; the Court therefore finds a complete factual recitation of the case unnecessary.

video deposition testimony because K.S. is incompetent to testify at trial. Federal Rule of Evidence 601 provides:

> Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision.

In Michigan, "[a]ll witnesses are presumed to be competent to testify." *People v. Watson*, 629 N.W.2d 411, 420 (Mich.Ct.App. 2001). Michigan Rule of Evidence 601 govern witness competency:

> Unless the court finds after questioning a person that the person does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules.

In questioning a child witness to determine whether he is competent to testify the questions generally focus on matters unrelated to the basic issues of the trial and instead include questions such as "their names, where they go to school, how old they are, whether they know who the judge is, whether they know what a lie is, and whether they know what happens when one tells a lie[.]" *Moreland v. Bradshaw*, ___ F.3d ___, 2012 WL 5518930, at *9 (6th Cir. 2012). "Where the trial court examines a child witness and determines that the child is competent to testify, 'a later showing of the child's inability to testify truthfully reflects on credibility, not competency.'" *Watson*, 629 N.W.2d at 420.

On December 12, 2012, the Court conducted an in camera discussion with K.S. with his mother, his attorney, Defendants' attorney, and a Detroit Public School representative present. K.S. was able to state his name, his age, and his birthday. He was also able to state what type of cake was his favorite and his favorite flavor of cake. He was further able

2

to state where he went to school, his teacher's name, and how many students were in his class.

The Court asked K.S. whether he knew what it meant to tell the truth. K.S. was able to shake his head in the affirmative. K.S. also promised the Court that he would tell the truth. K.S. stated that a lie was when "you tell stories." K.S. also stated that a lie was a "bad thing." During the questioning, though, the Court asked K.S., "[w]ould you tell a lie if someone told you to tell a lie?" and K.S. responded "yes." But then K.S. stated that, if his attorney asked him to tell a lie, he would say "no" "'cause you got to say no." And K.S. agreed that it was a "bad thing to tell a lie."

While the Court recognizes that K.S. had difficultly verbalizing answers, and at times presented conflicting or confusing answers, the Court is satisfied that K.S. is competent to testify. *See People v. O'Dowd*, 280841, 2009 WL 279069, at *2 (Mich.Ct.App. Feb. 5, 2009) (citation omitted) (("During preliminary questioning to evaluate the victim's competency to testify, the victim explained the difference between the truth and a lie, and gave examples of each. The victim also promised that she would tell the truth. Although the respondent contends that the victim had difficulty understanding questions and later gave inconsistent testimony during her examination at trial, these matters relate to the credibility of her testimony, not her competency to testify.")(and holding that, "[b]ecause the victim's voir dire responses demonstrated that she understood the difference between a truth and a lie, and that she understood her obligation to testify truthfully, the referee did not clearly err in finding her competent to testify.) (The victim was a four year old girl.)). *See also People v. Olman*, 268464, 2007 WL 1687553, at *1 (Mich.Ct.App. June 12, 2007) (The judge, defense counsel, and prosecutor questioned the five year old witness. They

asked her about personal information, schooling, her friends, and various activities. She testified truthfully and understandably. Then they asked her about truthfulness. The witness testified that the knew the difference between a truth and a lie. She defined a lie as when "you didn't tell them the real thing." She also testified that when someone tells a lie, "they get in trouble." She was able to promise to tell the truth in court.).

After reviewing the pleadings and questioning K.S., the Court finds that K.S. is competent to testify. The Court therefore DENIES Defendants' motion to strike K.S.'s video deposition testimony.

SO ORDERED.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: December 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2012, by electronic and/or ordinary mail.

                                            s/Carol A. Hemeyer
                                            Case Manager